IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE BAKER,

                Plaintiff,                    OPINION AND ORDER

      v.                                              11-cv-533-wmc

CAROL HOLINKA, P.D. SHANKS,
K. L. HIBBARD, JOHN A. JONES,
J. BRAKER and B. CUPP,

                Defendants.

---

      Plaintiff Eddie Baker brings this proposed civil action against defendants Carol Holinka, P.D. Shanks, K. L. Hibbard, John A. Jones, J. Braker and B. Cupp. Baker asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Baker has provided, the court concludes that he is unable to prepay the full fee for filing this lawsuit. Baker is a prisoner, and he has made the initial, partial payment of $45.79 required of him under 28 U.S.C. § 1915(b)(1). The next step is determining whether Baker's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because Baker has not alleged facts that state a claim on which relief may be granted, this complaint must be dismissed.

ALLEGATIONS OF FACT

      In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts alleged in plaintiff's complaint and two supplements.

- Plaintiff Eddie Baker, Jr., is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford).

- Defendant Carol Holinka is the warden at FCI-Oxford; defendants P.D. Shanks, K. L.

Hibbard, John A. Jones, J. Braker and B. Cupp are all employees there.

- When Baker arrived at FCI-Oxford on January 31, 2011, he was told he would have to work in food service for 12 cents an hour. When Baker objected, he was told that disciplinary action could be taken against him if he refused to work.

- Baker filed an institution complaint, stating that he was in "mental pain" because he was being forced to perform "slave labor."

- Baker alleges that he was placed in segregation in retaliation for "standing up for his constitutional rights."

- Baker now alleges that he has been re-assigned to work for "slave wages."

OPINION

Baker claims that forcing him to work for next to nothing violates the Eighth and Thirteenth Amendments of the United States Constitution. Section One of the Thirteenth Amendment provides in part that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States." Given the amendment's express exception for individuals incarcerated pursuant to a criminal conviction, forcing prison inmates to work while incarcerated plainly does not violate the Thirteenth Amendment. *Kerr v. Puckett*, 138 F.3d 321, 324 (7th Cir. 1998) ("Putting prisoners to work against their will, even scrubbing walls with toothbrushes, is hard to describe as a violation of the Constitution."); *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) ("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners may be required to work."). Therefore, Baker cannot proceed on his Thirteenth Amendment claim.

The Eighth Amendment prohibits conditions of confinement that "involve the wanton and unnecessary infliction of pain" or that are "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that create "temporary inconveniences and discomforts" or that make "confinement in such quarters unpleasant," however, are insufficient to create an Eighth Amendment claim. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971). Not every aspect of prison life that a prisoner finds disagreeable or inconvenient violates the Eighth Amendment. *Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986) (noting that the Constitution does not require comfortable prisons). While Baker alleges mental pain from being forced to work for "slave wages," this allegation does not support an Eighth Amendment violation. *Id.* Therefore, he will not be allowed to proceed on this claim either.

ORDER

IT IS ORDERED that:

(1) Plaintiff Eddie Baker, Jr.'s request to proceed against the defendants is DENIED for his failure to state a claim for relief under federal law.

(2) A strike will be recorded against plaintiff in accordance with 28 U.S.C. § 1915(g).

(3) The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 6th day of March, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge